IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD BILIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-142-DRH-DGW |
| ) | |
| WEXFORD HEALTH SOURCES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Joinder filed by Plaintiff, Richard Bilik, on June 7, 2017 (Doc. 26). For the reasons set forth below, the Motion is **DENIED**.

Plaintiff is an inmate who has been incarcerated at various facilities within the Illinois Department of Corrections. He suffers from a cranial cyst, a condition that began prior to his incarceration and that has continued throughout his transfers to various correctional centers. He was previously housed at Western Illinois Correctional Center and Stateville Correctional Center, jails that are not located in this judicial district. He was then housed at correctional centers that are within this judicial district, Menard Correctional Center from 2013 to 2016 and Pinckneyville Correctional Center from 2016 to the present.

In this matter, Plaintiff is proceeding on three counts related to his current place of incarceration, Pinckneyville CC. In Count 1, Plaintiff claims that Defendant Dr. Scott failed to adequately treat his cyst and that other Defendants, Brown, White, Baldwin, and Lashbrook, condoned this lack of treatment by failing to intervene. In Count 2, he claims that Wexford Health Sources employs an unconstitutional policy or practice of denying medical care as a

cost-saving measure. Finally, in Count 3, Plaintiff claims that Defendants Scott, Brown, White, Baldwin, and Lashbrook retaliated against him for filing grievances by failing to provide medical care.

Plaintiff seeks to join claims made in a previous lawsuit filed in the United States District Court for the Northern District of Illinois. That matter was filed in 2012 and is captioned *Richard Bilik v. Marcus Hardy, et al.*, 1:12-cv-4532 ("4532 Case"). Plaintiff named dozens of Defendants employed at Western Illinois CC, Stateville CC, and Hill CC related to his cranial cyst, and two other medical conditions, dairy allergies and a MRSA infection. In seeking joinder, Plaintiff claims that because he has a discrete and continuous injury, namely his cranial cyst, there is a "common thread" tying the two cases together. Plaintiff is correct: his cranial cyst is a common thread tying his cases together. Joinder, however, is not warranted in this matter.

Federal Rule of Civil Procedure 20(a) provides, in part, that defendants may be joined in one action if "any question of law or fact common to all defendants will arise in the action." Rule 19 provides, in part, that joinder of parties is required if "in that persons' absence, the court cannot accord complete relief among existing parties" or it would result in inconsistent obligations. Joinder is typically reviewed for an abuse of discretion. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). This Court should consider prejudice, delay, and expense and "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Chavez v. Illinois State Police*, 251 F.3d 621, 632 (7th Cir. 2001) (quotation marks and citation omitted).

Generally, there are questions of law that are similar in both actions – they each rely on 42 U.S.C. § 1983 and the Eighth Amendment's prohibition against cruel and unusual punishment. This, however is where the similarities stop. By filing this motion in this case, Plaintiff seeks to

add dozens of Defendants which could only delay these proceedings and cause prejudice to the Defendants named herein. Each of Defendants are employed in different institutions spread throughout the State of Illinois. Combining all Defendants in one suit would be unmanageable – discovery alone would be a feat in logistics the 4532 Case in light of the number of Defendants and could only be made more complicated if the claims and Defendants in this suit were added. In addition, each of Plaintiff's claims must be based on the individual culpability of each Defendant. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Therefore, even if Plaintiff were to prevail against one Defendant in 4532 case with respect to the medical care he received for his cranial cyst, it would not automatically follow that another Defendant should also be found liable. Resolution of each of Plaintiff's claims is not dependent on resolution of any other claim nor would it lead to inconsistent obligations. And, combining these cases may create the sort of morass that the Seventh Circuit has instructed the District Courts to avoid. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . ."). Not all claims in the 4532 Case are asserted in this matter and vice versa.

For the foregoing reasons, the Motion for Joinder filed by Plaintiff, Richard Bilik on June 7, 2017 (Doc. 26) is **DENIED**.

**DATED: December 21, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**