IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RICHARD BILIK,**

**Plaintiff,**

**v.**  No. 17-cv-00142-DRH-DGW

**WEXFORD HEALTH SOURCES,
INC., et al.,**

**Defendants.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is plaintiff's appeal from Magistrate Judge Wilkerson's non-dispositive Order (doc. 41) of December 21, 2017, denying plaintiff's Motion for Joinder seeking to join claims and defendants of plaintiff's pending lawsuit filed in the Northern District of Illinois ("4532 Case"). [Doc. 26]. Specifically, plaintiff argues that Judge Wilkerson "made a most egregious error in his decision making process" when he: interpreted Federal Rule of Civil Procedure 20 to deny joinder due to the delay and unmanageability it would cause in the proceedings; that resolution of plaintiff's claims is not dependent on any other claim; and that the culpability of any one defendant does not place culpability on another. Defendants oppose the appeal. [Doc. 50]. Based on the following, the Court affirms Magistrate Judge Wilkerson's December 21, 2017 Order and

denies plaintiff's appeal.

> Local Rule 73.1(a) of the Southern District of Illinois provides:
>
>> (a) Appeal of Non-Dispositive Matters – 28 U.S.C. § 636(b)(1)(A)
>>
>> Any party may appeal a Magistrate Judge's order determining a motion or matter within **14 days** after issuance of a Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a District Judge. The party shall file with the Clerk of the Court and serve on all parties a written request for an appeal which shall specifically designate the order or part of the order that the parties wish the Court to reconsider. *A District Judge shall reconsider the matter and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to the law.* A District Judge may also reconsider sua sponte any matter determined by a Magistrate Judge under this rule.

*Id.* (emphasis added).

Also, under Federal Rule of Civil Procedure 72(a), the Court may modify or reverse a magistrate judge on a non-dispostive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to the law." Specifically, Federal Rule of Civil Procedure 72(a) provides:

> **Nondispositive Matters.** When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.

*Id.*

A finding is clearly erroneous when "the reviewing court on the entire

evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Weeks v. Samsung Heavy Industries Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.").

In his December 21, 2017 Order, Magistrate Judge Wilkerson specifically held:

> Generally, there are questions of law that are similar in both actions – they each rely on 42 U.S.C. § 1983 and the Eighth Amendment's prohibition against cruel and unusual punishment. This, however is where the similarities stop. By filing this motion in this case, Plaintiff seeks to add dozens of Defendants which could only delay these proceedings and cause prejudice to the Defendants named herein. Each of Defendants are employed in different institutions spread throughout the State of Illinois. Combining all Defendants in one suit would be unmanageable – discovery alone would be a feat in logistics[.] . . . In addition, each of Plaintiff's claims must be based on the individual culpability of each Defendant . . . Resolution of each of Plaintiff's claims is not dependent on resolution of any other claim nor would it lead to inconsistent obligations. And, combining these cases may create the sort of morass that the Seventh Circuit has instructed the District Courts to avoid. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . "). Not all claims in the 4532 Case are asserted in this matter and vice versa. For the foregoing reasons, the Motion for Joiner filed by Plaintiff, Richard Bilik on June 7, 2017 is **DENIED.**

Doc. 41, pgs. 2-3.

Here, the Court finds that plaintiff's appeal misses the mark. Plaintiff has not established that Magistrate Judge Wilkerson's Order is clearly erroneous or contrary to the law. Magistrate Judge Wilkerson's December 21, 2017 Order is well written and clearly sets out the reasons for his ruling. Judge Wilkerson relied upon the Federal Rules of Civil Procedure, the local rules of the Southern District of Illinois, and upon appropriate case law. Moreover, Magistrate Judge Wilkerson certainly had the discretion to find as he did and accordingly his ruling is not subject to a finding that it is contrary to the law. Thus, there is no reason for this Court to vacate Magistrate Judge Wilkerson's Order.

Accordingly, the Court **AFFIRMS** Magistrate Judge Wilkerson's December 21, 2017 Order (doc. 41) and **DENIES** Plaintiff's appeal from Magistrate Judge Wilkerson's non-dispositive Order of December 21, 2017, denying plaintiff's request for joinder (doc. 44).

**IT IS SO ORDERED.**

Judge Herndon
2018.01.30
15:14:41 -06'00'

**United States District Judge**